IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C. & K.B. INVESTMENTS, INC., a Louisiana corporation, and SPEEDEE OIL CHANGE SYSTEMS, INC., a Louisiana corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ZENON KOMARCZYK,<br><br>　　　　Defendant　　　　　　　　　　　／ | No. C-05-3333 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS SECOND COUNT OF COUNTERCLAIM; VACATING HEARING**<br><br>(Docket No. 24) |

　　　　Before the Court is the motion filed December 15, 2005 by plaintiffs G.C. & K.B. Investments, Inc. and SpeeDee Oil Change Systems, Inc. to dismiss the second count of defendant Zenon Komarczyk's ("Komarczyk") counterclaim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Komarczyk has filed opposition to the motion, to which plaintiffs have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and rules as follows.

## **BACKGROUND**[1]

　　　　On January 18, 1990, plaintiffs' predecessor in interest, CalNeva Oil Corporation

---

[1] The factual statements contained in the following background section are summarized from the factual allegations of the Counterclaim, which are taken as true for purposes of the instant motion only.

("CalNeva"), entered into SpeeDee Oil Change & Tune-Up Local Franchise Agreement #17-044 ("LFA") with Komarczyk's predecessors in interest, Thomas W. Lum and Frank F. Chin. (See Counterclaim ¶ 1(b).) The LFA was assigned to Komarczyk on or about October 9, 2001. (See id.) Plaintiffs assumed CalNeva's rights and obligations under the LFA on or about April 1, 2002. (See id.)[2]

On August 16, 2005, plaintiffs filed the instant action against Komarczyk, asserting claims for breach of contract, declaratory relief, trademark infringement, and unfair competition. An amended complaint was filed two days later, on August 18, 2005. On November 22, 2005, Komarczyk filed a counterclaim, asserting claims against plaintiffs for "rescission – failure of consideration," "rescission – illegal contract," breach of contract, breach of the covenant of good faith and fair dealing, money had and received, an accounting, and declaratory relief.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14

---

[2] Although the counterclaim alleges that "defendants" assumed CalNeva's rights and obligations under the LFA, it is apparent from the context of the counterclaim that the reference to "defendants" is a typographical error, and that Komarczyk intended to refer to "plaintiffs." (See id. (referring to CalNeva as "[p]laintiffs' predecessor in interest").)

F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

**DISCUSSION**

Plaintiffs move to dismiss the second count of the Counterclaim, "rescission – illegal contract," as, inter alia, time-barred. In the second count, Komarczyk alleges:

> The LFA is the product of illegal conduct on the part of Plaintiffs' predecessor in interest, CalNeva Oil Corporation, namely, violations of the California Franchise Investment Law regarding the offer and sale of franchises, Corporations Code Section 31000, etc. Defendant is in no way at fault for the illegal conduct of Plaintiffs' predecessor. The illegal conduct of Plaintiffs' predecessor in interest is memorialized in a final judgment entered on or about September, 1996 in People v. SpeeDee, et al., Los Angeles County Superior Court No. BC 109765.[3] The illegal conduct of Plaintiffs' predecessor in interest renders the LFA void, and entitles Defendant to rescission of the LFA, and restitution of all sums paid by Defendant to Plaintiffs under the terms of said LFA.

(See Counterclaim ¶ 12.) Plaintiffs argue that the second count is time-barred because it is based entirely on the offer and sale of the franchise in 1990, and, consequently, that the applicable limitations period has long since elapsed. Komarczyk offers no argument to the

---

[3] A copy of said judgment is not attached to the Counterclaim and has not been provided to the Court.

3

contrary with respect to the application of the statute of limitations, but, rather, argues that "[t]he complex factual and legal issues involved in defendant's claim for rescission necessarily preclude a summary dismissal of defendant's claims[.]" (See Opp. at 2.)

As noted, Komarczyk's second count is based on unspecified "violations of the California Franchise Investment Laws regarding the offer and sale of franchises[.]"[4] (See id.)  Two separate sections of the California Franchise Investment Law govern causes of action for unlawfully offering for sale or selling a franchise.

First, where a franchisor "offers or sells a franchise" in violation of certain specified provisions of the California Franchise Investment Law, and the violation is "willful," the franchisee may sue for rescission under § 31300 of the California Corporations Code.  See Cal. Corp. Code § 31300.  However, "no action shall be maintained to enforce any liability created under Section 31300 unless brought before the expiration of four years after the act or transaction constituting the violation, the expiration of one year after the discovery by the plaintiff of the fact constituting the violation, or 90 days after delivery to the franchisee of a written notice disclosing any violation of Section 31110 or 31200, . . . whichever shall first expire."  See Cal. Corp. Code § 31303.

Second, a franchisee may sue a franchisor for damages under § 31301[5] if the franchisor offered or sold the franchise to the franchisee by means of an oral or written communication that included "an untrue statement of a material fact or omit[ted] to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."  See Cal. Corp. Code

---

[4] The first count of Komarczyk's counterclaim, "rescission – failure of consideration," is based on plaintiffs' asserted failure to perform its obligations under the LFA, "specifically including, but not limited to, failing and refusing to provide prompt, competent and continuous ongoing operational support, failing and refusing to promote, advertise, competently market and protect the SpeeDee franchise name and SpeeDee franchise system, and failing and refusing to segregate, manage, distribute and otherwise account for ad fund contributions by Defendant and other franchisees within the Northern California region of the SpeeDee franchise system as required by the terms of the LFA." (See Counterclaim ¶ 7.)  Plaintiffs have not moved to dismiss the first count.

[5] The Court need not determine whether a claim for rescission can be based on § 31301 because, as discussed below, any such claim would be time-barred.

4

§§ 31301, 31201.  A maximum limitations period of two years applies to such claims.  See Cal. Corp. Code § 31304 ("No action shall be maintained to enforce any liability created under Section 31301 unless brought before the expiration of two years after the violation upon which it is based, expiration of one year after the discovery by the plaintiff of the facts constituting such violation, or 90 days after delivery to the franchisee of a written notice disclosing any violation of Section 31201 or 31202 . . . , whichever shall first expire.").

The California Court of Appeal has held that the statutes of limitations set forth in §§ 31303 and 31304 "impose absolute limits" and are not subject to tolling.  See People ex rel. Department of Corporations v. SpeeDee Oil Change Systems, Inc., 95 Cal. App. 4th 722, 724, 726-27 (2002).

Komarczyk alleges that his predecessors in interest entered into the LFA on January 18, 1990, and that the LFA was assigned to him on October 9, 2001.  (See Counterclaim ¶ 1(b).)  Both dates are more than four years prior to November 22, 2005, the date Komarczyk's Counterclaim was filed.  Consequently, Komarczyk's second count, for rescission based on violations of the California Franchise Investment Law with respect to the offer and sale of the LFA, is time-barred, and the Court will GRANT plaintiffs' motion to dismiss the second count of Komarczyk's Counterclaim.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is hereby GRANTED, and the second count of Komarczyk's counterclaim is DISMISSED with prejudice.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated: January 23, 2006

MAXINE M. CHESNEY
United States District Judge