United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C. & K.B. INVESTMENTS, INC. ET AL, | No. C-05-03333 MMC (EDL) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL, SUBJECT TO LIMITED PROTECTIVE ORDER** |
| v. | |
| ZENON KOMARCZYK, | |
| Defendant. | |

On August 28, 2007, Defendant/Cross-Plaintiff filed a motion to compel Plaintiffs/Cross-Defendants to provide a copy of various audio/visual materials paid for by franchisee advertising fund contributions, including television commercials, training videos, and audio jingles for SpeeDee Oil Change Systems. Plaintiffs/Cross-Defendants opposed the motion on September 12, 2007, and Defendant/Cross-Plaintiff filed a reply on September 18, 2007. After a full review of the papers, the Court finds that this matter is appropriate for a decision without a hearing. Accordingly, the Court hereby vacates the October 2, 2007 hearing and grants Defendant/Cross-Plaintiff's motion to compel as follows.

Defendant/Cross-Plaintiff alleges breach of contract against Plaintiffs/Cross-Defendants for unpaid royalty and advertising fund contributions. The audio-visual materials sought in this motion relate to these claims and are therefore within the permissible scope of discovery under Rule 26(b). Defendant/Cross-Plaintiff properly served a request for production of the materials under Rule 34(a) of the Federal Rules of Civil Procedure, which in relevant part states:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information ... within the scope of Rule 26(b).

1  Fed.R.Civ.P. 34(a) (emphasis added).  Accordingly, pursuant to Rule 34(a), Defendant/Cross-

2  Plaintiff is entitled to a copy, and not merely an inspection, of the following audio-visual materials

3  Defendant/Cross-Plaintiff requested in discovery:

4         a). "Fish" DVD/VHS tape, as described in RFP No. 5 of Defendant/Cross-Plaintiff's
5         Second FRCP 34 demand;

6         b). Car/SUV Commercial DVD/VHS tape, as described in RFP No. 7 of
7         Defendant/Cross-Plaintiff's Second FRCP 34 demand;

8         c). 2005 SpeeDee Convention Cruise DVD/VHS tape, as described in RFP No. 8 of
9         Defendant/Cross-Plaintiff's Second FRCP 34 demand;

10        d). SpeeDee "training" DVD/VHS tapes, as described in RFP Nos. 9, 10, 12, 14, 16,
11        18 and 25 of Defendant/Cross-Plaintiff's Second FRCP 34 demand;

12        e). SpeeDee "Blooper" DVD/VHS tape, as described in RFP No. 11 of
13        Defendant/Cross-Plaintiff's Second FRCP 34 demand;

14        f). "Customer Information" lobby DVD/VHS tape, as described in RFP No. 19 of
15        Defendant/Cross-Plaintiff's Second FRCP 34 demand;

16        g). 2003 SpeeDee Convention Cruise DVD/VHS tape, as described in RFP Nos. 20,
17        22, 23 and 24 of Defendant/Cross-Plaintiff's Second FRCP 34 demand;

18        h). "Make My Day/Good, Bad & Ugly" training DVD/VHS tape, as described in RFP
19        No. 26 of Defendant/Cross-Plaintiff's Second FRCP34 demand;

20        i). Rock and Country SpeeDee Jingle audio clip, as described in RFP No. 51 of
21        Defendant/Cross-Plaintiff's Second FRCP 34 demand.

    Plaintiffs/Cross-Defendants' concern that its proprietary materials could be used by Defendant/Cross-Plaintiff in its business is sufficiently legitimate that the court issues a protective order forbidding Defendant/Cross-Plaintiff from using the disputed audio-visual materials for non-litigation purposes.  The Court does not, however, limit the material from being used in other litigation.  Plaintiff/Cross-Defendant did not assert that the materials were privileged and there has not been a sufficient showing that using the materials in other unspecified future litigation would necessarily be improper or could not be appropriately handled by the court presiding over any such other matters.  Accordingly, subject to the protective order stated herein, Defendant/Cross-Plaintiff's

Motion to Compel the audio-visual materials listed above is granted.  Plaintiffs/Cross-Defendants shall produce the documents described in this Order to Plaintiff/Cross-Defendant's counsel on or before September 28, 2007.

**IT IS SO ORDERED.**

Dated: September 19, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge