IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C. & K.B. INVESTMENTS, INC., et al., | No. C-05-03333 (EDL) |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DISCOVERY AND TO COMPEL IN PART** |
| v. | |
| ZENON KOMARCZYK, | |
| Defendant. | |

On May 7, 2008, Defendant Komarcyzk filed a motion to reopen discovery and to compel that was referred to this Court on May 7, 2008. Defendant's motion seeks the following : 1) discovery regarding the criminal conviction and incarceration of Mr. Copp, President of both Plaintiff entities in order to determine if he is available for trial, and if not, Defendant seeks to depose a replacement witness to prepare for trial; and 2) discovery regarding the sale of both Plaintiff entities to Midas, Inc. to determine if Plaintiffs have standing to pursue their claims, including a copy of the asset purchase agreement in its entirety. To the extent Plaintiff also seeks to modify its pretrial pleadings and jury instructions based on this discovery, the District Court Judge has already denied such requests as premature.

A scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. Proc. 16(b). Rule 16(b)'s "good cause standard primarily considers the diligence of the party seeking the amendment . . . . The focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To determine whether to exercise its discretion and reopen discovery, a court should "consider such factors as: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether

the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." United States ex rel Schumer v. Hughes Aircraft, 63 F.3d 1512, 1526 (9th Cir. 1995).

Here, defense counsel did not become aware that Mr. Copp was convicted in February 2008 of felony aggravated second degree battery until March of 2008. Approximately one week later, Komarcyzk's attorney received press releases announcing that the assets of Plaintiffs had been sold to Midas, Inc. That asset purchase agreement is dated March 30, 2008. Good cause appearing, IT IS HEREBY ORDERED that Plaintiffs shall provide Defendant with all Court documents in their possession that establish Mr. Copp's criminal conviction and sentence. If Plaintiffs are not in possession of such documents, they shall provide Defendant's counsel with information about the case number and docket numbers of the conviction documents so that Defendant may retrieve such documents from the relevant Court. This evidence may be relevant for impeachment, among other things. While Plaintiffs argue that this evidence may not be admissible under Federal Rule of Evidence 403, that is a decision for the District Court Judge after Plaintiffs provide the above discovery. Plaintiffs shall also inform Defendant as to whether or not Mr. Copp will be available to testify at trial. If he is not available, Defendant may take the deposition of Mr. Kevin Bennett or another replacement witness. Defendant's failure to depose Mr. Bennett prior to this point in time does not necessarily show lack of diligence, as Defendant believed Mr. Copp would be available to testify at trial.

Finally, Defendant argues that it needs a complete copy of the asset purchase agreement to determine whether Plaintiffs have standing. It appears that Plaintiffs have already produced the majority of this agreement, but Defendant does not have the schedules that are part of the agreement. Plaintiffs shall produce the agreement in its entirety, including schedules, to the extent they have not already done so. As the Court has found Defendant's motion suitable for decision without oral argument, the June 17, 2008 hearing is hereby VACATED.

///

///

2

1  Plaintiffs shall produce the documents and information described above no later than June
2  23, 2008.  If Mr. Copp is not available for trial, Plaintiffs shall produce Mr. Bennett for deposition
3  no later than July 11, 2008.

4  **IT IS SO ORDERED.**

5  Dated: June 16, 2008

                                      *Elizabeth D. Laporte*
6                                        ELIZABETH D. LAPORTE
                                      United States Magistrate Judge

**United States District Court**
For the Northern District of California